Alexandria
JOSEPH LAWRENCE ZORETIC
v.
COMMONWEALTH OF VIRGINIA
No. 1408-90-4
Decided October 15, 1991

242

COUNSEL

Gregory E. Stambaugh (Brown & Stambaugh, on brief), for appellant.

Robert H. Anderson, Assistant Attorney General (Mary Sue Terry, Attorney General; Robert H. Anderson, III, Assistant Attorney General, on brief), for appellee.

OPINION

MOON, J.—Joseph Zoretic was convicted in a bench trial of embezzlement for misappropriating funds given to him by an undercover police officer. He seeks reversal on the ground that the evidence was insufficient as a matter of law to sustain his conviction. He argues (1) that the evidence did not show that he had the specific intent to convert the funds to his own use or otherwise commit embezzlement, and (2) that the evidence was insufficient to show the existence of a trust relationship to support a conviction for embezzlement. We agree that the evidence was insufficient to prove the specific criminal intent to convert the funds and we reverse.

■ On appeal, we construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

All necessary circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the evidence create a suspicion of guilt, however strong, or even a probability of guilt, but must exclude every reasonable hypothesis save that of guilt. To accomplish [this] the chain of circumstances must be unbroken and the evidence as a whole must be sufficient to satisfy the guarded judgment that both the *corpus delicti* and the criminal agency of the accused have been proved to the exclusion of any other rea-

sonable hypothesis . . . .

*Webb v. Commonwealth*, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).

Joseph Zoretic met with undercover investigator Michael Connor, at which time Zoretic agreed to purchase one ounce of cocaine for Connor for $1250, which Connor "fronted" to Zoretic.[1] Zoretic expressed concern about police activity in the area. The two agreed to meet later at another location. Zoretic was followed to Northern Virginia Community College and observed speaking to one William McPherson. Zoretic never returned to the agreed meeting place. Connor telephoned Zoretic and Zoretic stated he had given the money to his supplier, William McPherson.

Connor did not call Zoretic until two months later due to a back injury suffered by Connor. Connor telephoned Zoretic again on November 28, 1988, and Zoretic stated he would pay back the money as soon as he was able. Connor then visited Zoretic at his place of employment on November 29, 1988, and Zoretic acknowledged that he owed Connor the money. Zoretic told Connor he was no longer in contact with McPherson but agreed that he owed the money. When Zoretic failed on later occasions to produce the money or the drugs, Connor obtained a warrant for Zoretic's arrest.

To establish the crime of embezzlement under Code § 18.2-111, the Commonwealth must prove that the accused wrongfully appropriated to his or her own use or benefit, with the intent to deprive the owner thereof, the property entrusted or delivered to the accused. *Waymack v. Commonwealth*, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987). However, proof of the misappropriation of property entrusted to the possession of the accused is insufficient, standing alone, to prove that the accused was the embezzler. *Smith v. Commonwealth*, 222 Va. 646, 652, 283 S.E.2d 209, 212 (1981). Suspicion or a probability that Zoretic may have taken the money is insufficient to support a conviction. *See Webb*, 204 Va. at 35, 129 S.E.2d at 30.

---

[1] The money Connor gave to Zoretic was provided by Fairfax County, a fact not known by Zoretic.

■ To determine whether Zoretic had a fraudulent intent, we must look to his conduct and representations. *Cunningham v. Commonwealth*, 219 Va. 399, 402, 247 S.E.2d 683, 684 (1978). The record reveals that Zoretic was given little direction as to what to do with the money to effect the illegal drug transaction. The Commonwealth's evidence established that Zoretic met McPherson, who was suspected of being involved in the drug trade. A reasonable inference to be drawn from the meeting is that Zoretic was attempting to fulfill his agreement to purchase drugs. Zoretic informed Connor that he had given the money to McPherson and later informed Connor that he was no longer in contact with McPherson. This evidence was uncontradicted by any other evidence and should be taken as true. *See Molash v. Commonwealth*, 3 Va. App. 243, 247, 348 S.E.2d 868, 871 (1986). Uncontradicted testimony should ordinarily be accepted as true unless "it is inherently improbable, inconsistent with cir-cumstances in evidence, or somewhat contradictory in itself, espe-cially where the witness is a party." *Servis v. Commonwealth*, 6 Va. App. 507, 525, 371 S.E.2d 156, 165 (1988) (quoting *Stegall v. Commonwealth*, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968)). This evidence is not inherently improbable, contradictory or inconsistent with other evidence presented.

When Connor asked him for the money, Zoretic repeatedly ac-knowledged the debt to Connor and said he would repay him when he could. The Commonwealth presented no evidence that Zoretic tried to conceal his alleged criminal activity or that he had the intent required to sustain a conviction for embezzlement.

No evidence was presented that Zoretic converted the funds to his own use or that he exercised "unauthorized and wrongful do-minion" over the funds. *See Evans & Smith v. Commonwealth*, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983). The evidence does not exclude the theory that Zoretic gave the money, which he could not subsequently recover, to a person involved in the drug trade in order to fulfill his agreement with Connor. Such a theory is a reasonable hypothesis of innocence flowing from the evidence, which the Commonwealth did not disprove. *See Turner v. Com-monwealth*, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977); *Avent v. Commonwealth*, 209 Va. 474, 480, 164 S.E.2d 655, 659 (1968); *see also Williams v. Commonwealth*, 234 Va. 168, 176, 360 S.E.2d 361, 366 (1987), *cert. denied*, 484 U.S. 1020 (1988).

Having decided that the evidence was insufficient to prove an intent to embezzle, we do not consider whether the evidence showed the existence of a trust relationship.

Accordingly, we find that the Commonwealth's evidence was insufficient as a matter of law to establish that Zoretic was a criminal agent (regarding embezzlement) or that he possessed the criminal intent required to support his conviction for embezzlement. The judgment is reversed and the indictment is dismissed.

*Reversed and dismissed.*

Duff, J., and Bray, J., concurred.