COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


ALAN MICHAEL JACKSON
                                           MEMORANDUM OPINION[*] BY
v.        Record No. 1552-95-2       JUDGE SAM W. COLEMAN III
                                              DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                       Thomas V. Warren, Judge

            Paul W. Cella for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     The defendant was convicted of embezzlement and he appeals

that conviction.  Addressing the issues he raises on appeal, we

hold that Powhatan County was a proper venue and we find that the

evidence was sufficient to prove the defendant's intent to

embezzle.  Accordingly, we affirm the conviction.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth and accord it all reasonable inferences

fairly deducible therefrom.  Higginbotham v. Commonwealth, 216

Va. 349, 352, 218 S.E.2d 534, 537 (1975).

     Carole Williams placed a newspaper ad offering to sell her

computer and monitor for $850.  As a result, the appellant

contacted her and offered to sell the computer on consignment.

 Ms. Williams testified that the appellant came to her house in

_____

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Powhatan County to see the computer and "asked me if instead of paying him a percentage to sell the computer, if I would give him sixty days to sell it, he would pay me my full asking price, which was $850.00."

While at Williams' home, the appellant gave her a business card on which was printed his company name, Soft Touch Computers, and a telephone number but no address. The appellant also presented a written consignment contract, which Williams signed, that also showed the company name and telephone number but no address. The appellant showed Williams a business license which she testified "looked official." On cross-examination, the appellant explained that he did not put his address on the business card or the contract because he "worked out of" his apartment and the lease was not in his name.

Williams agreed to consign her computer to the appellant for sale. She signed the "consignment contract" that provided for a term of sixty days ending on August 13, 1994 for the appellant to sell the computer. The appellant took the computer with him.

At trial, the appellant testified that he put the computer in a storage area which he shared with a friend, Calvin Clark. The appellant testified that the computer was stolen from the storage area, evidently by Clark, who promised to pay appellant for the computer provided that appellant would not call the police. The appellant did not call the police nor did he inform Williams of his claim that her computer had been stolen.

When Williams tried to contact the appellant after the sixty day consignment, his phone had been disconnected. She could not find an address for him or alternative phone number. The appellant did not return the computer to Williams or pay her $850, nor did he contact her. At trial, the appellant explained that he did not contact Williams because due to "the circumstances with Henrico County, traffic violations, I fled from Henrico County to evade going to Court to Roanoke City. Basically, I left everything behind." He also testified that he thought his friend, Calvin Clark, would pay him for the computer so he could pay Ms. Williams and that when he did not get the money, he was "embarrassed."

Hearing the case without a jury, the trial judge found the appellant's testimony to be not credible. The trial judge found appellant guilty of embezzlement and sentenced him to twelve months in jail. On appeal, the decision of a trial court sitting without a jury will not be reversed unless it is plainly wrong or without evidence to support it. Bright v. Commonwealth, 4 Va. App. 248, 250-51, 356 S.E.2d 443, 444 (1987).

## I. VENUE

In order for Powhatan County to be a proper place to prosecute an embezzlement charge, the Commonwealth must prove, either by direct or circumstantial evidence, that the offense was committed within that jurisdiction. Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980). Code § 19.2-245 states

in pertinent part, "if any person shall commit embezzlement within this Commonwealth he shall be liable as aforesaid or to prosecution and punishment for his offense in the county or city in which he was legally obligated to deliver the embezzled funds or property."  In Stegall v. Commonwealth, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968), the Virginia Supreme Court held that a car rental agreement providing that the car be returned to Lynchburg was a legal obligation to deliver the property to Lynchburg and failure to return the car to that location constituted an offense in Lynchburg.  Thus, Lynchburg was a proper venue.  Id. at 723, 160 S.E.2d at 569.

The fact that the consignment contract was silent as to where the computer was to be returned did not mean that there was no venue in which the appellant could be prosecuted for embezzlement.  Appellant was legally obligated to return the computer to Williams in Powhatan County.  The fact that he would have been legally obligated to return the computer to her wherever she was does not defeat Powhatan County as a proper venue.  Furthermore, the consignment contract was executed in Powhatan County.  The contract was for a period of sixty days.  At the end of sixty days, the appellant had the legal duty to either return the computer to her or pay Williams $850.  Accordingly, Powhatan County was a proper venue in which to prosecute the charge.

## II.  SUFFICIENCY OF THE EVIDENCE

To establish the statutory crime of embezzlement, the Commonwealth must prove beyond a reasonable doubt that the accused, for his own use or benefit, wrongfully appropriated property entrusted to him with the intent to deprive the owner thereof. Nestle v. Commonwealth, 22 Va. App. 336, 341, 470 S.E.2d 133, 136 (1996); Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987); Code § 18.2-111. A defendant wrongfully appropriates the property of another whenever he exercises dominion and control over the property in a manner inconsistent with the owner's rights. Evans & Smith v. Commonwealth, 226 Va. 292, 298, 308 S.E.2d 126, 129 (1983); Stegall, 208 Va. at 722, 160 S.E.2d at 568. The Commonwealth was required to prove that the appellant had the intent to deprive Williams of her computer.

The intent to commit a crime "may be, and often must be, shown by circumstantial evidence." Whitley v. Commonwealth, 223 Va. 66, 73, 286 S.E.2d 162, 166, cert. denied, 459 U.S. 882, 103 S. Ct. 181, 74 L. Ed. 2d 148 (1982). The intent to embezzle can be inferred from all the facts and circumstances of the case, Stegall, 208 Va. at 723, 160 S.E.2d at 569, or from the accused's conduct and representations. Zoretic v. Commonwealth, 13 Va. App. 241, 244, 409 S.E.2d 832, 834 (1991).

> While proof that property entrusted to the possession of the accused has been misappropriated is not enough, standing alone, to prove that the accused was the embezzler, where, as here, there is additional evidence, sufficient to show that the accused acted with the requisite criminal

intent and that his conduct was designed to conceal his criminal purpose, we will uphold a finding that the accused was the criminal agent.

Smith v. Commonwealth, 222 Va. 646, 652, 283 S.E.2d 209, 212 (1981); see also Webb v. Commonwealth, 204 Va. 24, 35, 129 S.E.2d 22, 30 (1963); Zoretic, 13 Va. App. at 243, 409 S.E.2d at 834; Waymack, 4 Va. App. at 549, 358 S.E.2d at 766.

Williams entrusted her computer to the appellant for sixty days under the consignment contract. At the end of sixty days, the appellant did not return the computer, he did not pay Williams for the computer, and he did not contact Williams about her computer. The appellant did not give Williams an address where he could be reached. When Williams tried to contact the appellant, the phone number he gave her had been disconnected.

"[F]ailure to perform an absolute duty to return the property or refusal to account or pay over on demand constitutes embezzlement, or is, at least, evidence from which a fraudulent conversion may be inferred." Stegall, 208 Va. at 721-22, 160 S.E.2d at 568 (quoting 29A C.J.S. Embezzlement § 11). As in the Stegall case, the consignment contract imposed upon appellant the duty to pay for the computer or return it at the stipulated time. The contract implicitly required that, if the appellant failed to sell the computer within sixty days, he was to return the computer to Williams or pay her $850. The appellant's failure to return the computer to Williams, his failure to pay Williams for

the computer, his failure to contact Williams after the sixty days elapsed, and his failure to provide Williams with an address or telephone number where he could be reached constitute sufficient evidence from which the trial judge could infer that the appellant wrongfully intended to appropriate the computer to his own use or benefit.

As to the appellant's claim that Williams' computer had been stolen from him, the trial court was entitled to find that the explanation was not credible. Id. at 722-23, 160 S.E.2d at 568-69. Although the testimony was uncontradicted, evidence "may be disbelieved where it is inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party or is interested." Id. at 722, 160 S.E.2d at 568. Trial courts are given wide discretion to determine the credibility of witnesses and their testimony. Id.

The appellant did not report to the authorities or to Williams that the computer had been stolen. The fact that the appellant obtained the computer and left no means by which he could be reached, and that he failed to contact Williams after the sixty days had elapsed to either return the computer, pay for it, or account for its whereabouts, supports the trial judge's finding that appellant intended to convert the computer to his own use and benefit.

The appellant contends that his case is indistinguishable

from and controlled by Zoretic v. Commonwealth. He claims that, as with Zoretic, his direct testimony that the computer had been stolen is more plausible, or at least equally plausible, to the Commonwealth's circumstantial evidence that he converted it to his own use. Thus, he argues, the theory that the computer was stolen from him and that he was not guilty of embezzlement is a reasonable hypothesis of innocence which the Commonwealth's circumstantial evidence fails to exclude.

The appellant's reliance on Zoretic is misplaced. In that case, the defendant was given money by an undercover police officer and asked to purchase drugs. Zoretic, 13 Va. App. at 242–43, 409 S.E.2d at 833. After accepting the money, the defendant was seen meeting with a known drug dealer. The defendant reported to the officer that he had given the money to the drug dealer and that the drug dealer was to obtain the drugs. Id. at 243, 409 S.E.2d at 833. The defendant "repeatedly acknowledged the debt" to the officer and remained in contact with the officer. Id. at 244, 409 S.E.2d at 834. This Court found that the Commonwealth's evidence proved that the defendant met with the drug dealer intending to give him money in exchange for drugs, and therefore, the evidence did not exclude the reasonable hypothesis that the defendant gave the money to the dealer in order to fulfill his agreement with the police officer and that the dealer stole the money. Id. at 244, 409 S.E.2d at 834. In Zoretic, the circumstantial evidence equally supported

the inference that Zoretic gave the money to the drug dealer as it did the conclusion that Zoretic kept the money.

In contrast to Zoretic, the Commonwealth's evidence proved that the appellant took Williams' computer and failed to return it as required by the contract. From that evidence the fact finder could not infer that the computer had been lost, stolen, or destroyed. From that evidence, without more, the fact finder could only infer that the consignee converted the property to his own use and benefit. Thus, no hypothesis consistent with innocence flows from the Commonwealth's evidence.

When the appellant testified and provided an hypothesis of innocence, the fact finder was entitled to reject that explanation if there are reasons to find it not credible. The appellant's actions were not consistent with a claim that the computer was stolen. No one saw the appellant place the computer in the storage area. The appellant did not report the alleged crime to the authorities or to Williams. The evidence showed that his phone was disconnected and that he left the area. The appellant maintained no business records and provided no identifiable address. The appellant's failure to return the computer, combined with the surrounding circumstances, furnishes sufficient evidence to support the trial court's conclusion that the appellant had the intent to wrongfully appropriate the computer to his own use or benefit. Therefore, because the fact finder could reject the appellant's claim that the computer had

been stolen, the evidence excludes the appellant's theory of innocence.

Thus, we hold that venue was proper in Powhatan County and find that the evidence was sufficient to support the embezzlement conviction.  Accordingly, we affirm the trial court's decision.

<u>Affirmed.</u>