COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Annunziata and Senior Judge Coleman
Argued at Richmond, Virginia

VERNON DOVE

v.      Record No. 3191-01-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
OCTOBER 7, 2003

FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Thomas V. Warren, Judge

James P. Baber for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.

On August 21, 2001, Vernon Dove was convicted of embezzlement in a bench trial in the Circuit Court of Nottoway County.  He was sentenced to five years in prison, with all but 90 days suspended.  Dove contends on appeal that the evidence is insufficient to support the embezzlement conviction on the ground that the evidence fails to prove that he intended to defraud and to deprive Jenkins of the proceeds from the gasoline sales.  For the reasons that follow, we reverse the conviction and dismiss the indictment.

Facts

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence establishes that Dove entered into a written lease and commission agreement in July 1997 with Roy Clifton Jenkins, Jr., an oil and gas distributor and president of Roy C. Jenkins, Inc.  According to Jenkins's testimony, pursuant to the agreement,

Dove leased a service station owned by Jenkins's company and operated it under the name "Burkeville Exxon Station." Jenkins provided the gasoline for Dove to sell. An employee from Roy C. Jenkins, Inc. determined how much gas Dove sold each week by reading the meters on the gas tanks. Dove was obligated to remit proceeds to Jenkins for every gallon of gas he sold.

The parties' written agreement was not entered into evidence. However, Jenkins and Dove each acknowledged that the gasoline belonged to Jenkins and that Dove was obligated to remit all the proceeds from the gasoline sales to Jenkins. Jenkins testified: "I believe Mr. Dove was supposed to submit it at least three times a week. Possibly, he was asked later to do it daily, I'm not sure. At least three times a week." Jenkins was to pay Dove a monthly commission from the total proceeds remitted to him. Dove does not dispute that Jenkins owned the gasoline and that he was to remit to Jenkins the proceeds of its sale.

Throughout the term of the lease agreement, Dove deposited the money received from the sale of gasoline, together with the other service station receipts, into his personal bank account. From the account, Dove paid a salary to himself and to his employees, as well as his business and personal bills. The record is silent as to whether the agreement specified how Dove was to maintain the proceeds from gasoline sales. The record is also silent as to whether Jenkins was aware of how Dove maintained the service station account or that Dove was paying himself and his bills from the proceeds which were deposited to his personal account. According to Jenkins, the agreement contained no provision requiring that the proceeds be segregated from the other service station receipts.

Over a six-week period, from approximately mid-May 2000 through the end of June 2000, Dove failed to pay Jenkins the proceeds he collected from gasoline sales. Near the end of June 2000, Jenkins determined that Dove owed him approximately $10,200 and he locked the pumps at the station and prohibited Dove from selling gasoline. During the six-week period that

Dove failed to pay Jenkins, Dove "had been promising to turn in receipts."  Jenkins also testified that "it wasn't the first time" he had to lock the pumps because Dove failed "off and on" to timely remit the proceeds to him.

From June 2000, when Jenkins locked the pumps, and continuing until sometime in August 2000, Dove remitted several payments in cash and by credit card to reduce the balance owed to approximately $1,100.  However, after Jenkins determined that approximately $2,200 of the amount Dove remitted had been charged to an invalid credit card and could not be applied against the debt, Jenkins obtained a criminal warrant charging Dove with embezzlement.

At trial, Dove testified that he was a mechanic who had never operated a service station before entering into the lease agreement with Jenkins.  He testified that he accepted checks for his services as a mechanic and for the sale of gasoline.  He also testified that many of the checks he received were returned for insufficient funds, including one exhibited at trial for $1,875 from a logging business that had closed.

Dove was convicted of embezzlement and sentenced to five years in prison, with all but 90 days suspended.  Dove appeals the conviction.

<u>Analysis</u>

On appeal, Dove argues the evidence is insufficient to support the embezzlement conviction on the ground that it fails to prove that he intended to defraud and to deprive Jenkins of the proceeds from the gasoline sales.[1]  We agree and reverse the conviction.

---

[1] The Commonwealth contends that Dove's argument is barred on appeal by Rule 5A:18 because he only argued to the trial court that "general criminal intent" was not proved and cannot now argue a new theory on appeal.  We find the argument without merit.  Through argument and examination of witnesses, Dove made clear to the trial court that his defense was, in part, that he did not have the requisite criminal intent to sustain a conviction for embezzlement.  We find the argument before the trial court adequately encompasses the claim Dove now makes on appeal, namely, that he lacked the intent to deprive Jenkins of the sales proceeds.

Code § 18.2-111, the statute proscribing embezzlement, provides, in part:

> If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible, which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement.

To establish the statutory elements of embezzlement, the Commonwealth must prove that the accused "wrongfully appropriated to [his] use or benefit, with the intent to deprive the owner thereof, the property entrusted to [him] by virtue of [his] employment or office." Nestle v. Commonwealth, 22 Va. App. 336, 341, 470 S.E.2d 133, 136 (1996) (citing Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987)). A defendant wrongfully appropriates, or converts, the property of another when he exercises "'unauthorized and wrongful . . . dominion and control over [it], to the exclusion of or inconsistent with [the] rights of the owner.'" Id. (quoting Black's Law Dictionary 300 (5th ed. 1979)). However, "[p]roof of the misappropriation of property entrusted to the possession of the accused is insufficient, standing alone, to prove that the accused was the embezzler." Zoretic v. Commonwealth, 13 Va. App. 241, 245, 409 S.E.2d 832, 834 (1991); see also Smith v. Commonwealth, 222 Va. 646, 651, 283 S.E.2d 209, 211 (1981).

> "The mere failure to return property or account for a trust fund, while evidence of a conversion, does not necessarily constitute embezzlement, but failure to perform an absolute duty to return the property or refusal to account or pay over on demand constitutes embezzlement, or is, at least, evidence from which a fraudulent conversion may be inferred."

Stegall v. Commonwealth, 208 Va. 719, 722, 160 S.E.2d 566, 567 (1968) (quoting 29A C.J.S. Embezzlement § 11, at 27, 28) (emphasis omitted).

To constitute embezzlement, fraudulent intent to deprive the owner of his property must be proved beyond a reasonable doubt. Wadley v. Commonwealth, 98 Va. 803, 807, 35 S.E. 452, 455 (1900). Proof of intent inheres in the words or conduct of the accused. Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991). Intent must often be proved by circumstantial evidence. Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) ("Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.").

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." Stamper v. Commonwealth, 220 Va. 260, 272, 257 S.E.2d 808, 817 (1979). However, proof by circumstantial evidence "is not sufficient . . . if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (citing Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)). "Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence." Welshman v. Commonwealth, 28 Va. App. 20, 36, 502 S.E.2d 122, 130 (1998) (en banc). "The Commonwealth is only required to exclude hypotheses of innocence that flow from the evidence." Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991). The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt. Kelly v. Commonwealth, 41 Va. App. 250, 258, 584 S.E.2d 444, 447 (2003) (en banc); see also Cox v. Commonwealth, 140 Va. 513, 517, 125 S.E. 139, 141 (1924).

Applying these principles to the case at bar, the evidence fails to prove beyond a reasonable doubt that Dove embezzled the gasoline or the proceeds of the gasoline sales. Jenkins

and Dove entered into a lease and commission agreement whereby Dove leased and operated a service station from Jenkins and sold Jenkins's gasoline. The gasoline was Jenkins's property. Dove acknowledged that the agreement required him to remit the funds from the gasoline sales to Jenkins on a thrice-weekly basis. The evidence is also undisputed that Dove failed to remit all the proceeds from the gasoline sales to Jenkins and that Dove deposited the monies he received from the gasoline sales, along with other receipts, into the bank account from which he paid business and personal expenses.

While this evidence establishes that Dove used, for his own purposes, money owed to Jenkins by virtue of their business dealings, standing alone, it is not sufficient to sustain a conviction for embezzlement. Compare Stegall, 208 Va. at 722, 160 S.E.2d at 567; Smith, 222 Va. at 652, 283 S.E.2d at 211. The Commonwealth failed to prove that the money Dove received from the gasoline sales was Jenkins's property. Compare Chiang v. Commonwealth, 6 Va. App. 13, 17, 365 S.E.2d 778, 780 (1988) (To sustain a conviction for embezzlement, "the Commonwealth must prove that the defendant was *entrusted* with the property of another." (citing Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 30 (1963))). The evidence only shows that Dove owed Jenkins the money and was required to remit it to him on a regular basis. A debtor-creditor relationship is an insufficient basis upon which to premise an embezzlement charge and conviction.

Moreover, and consistent with the circumstances that establish a debtor-creditor relationship, fraudulent intent was not established beyond a reasonable doubt by the Commonwealth's evidence. Although the evidence proved Dove's failure to pay Jenkins the money he was owed from the sale of the gasoline, other evidence in the case supports the reasonable hypothesis that Dove's conduct was not criminal. The Commonwealth failed to exclude the reasonable hypothesis of innocence that flows from this evidence.

First, Dove never concealed or attempted to conceal the total amount of proceeds he collected and owed. He did not deny the debt or refuse to pay it. Indeed, he readily acknowledged the full amount he owed Jenkins under their agreement and he made payments to satisfy his obligation until he was arrested. See, e.g., Zoretic, 13 Va. App. at 244, 409 S.E.2d at 834 (reversing embezzlement conviction where, *inter alia*, defendant repeatedly acknowledged the debt and said he would repay when possible and the Commonwealth presented no evidence that the defendant attempted to conceal his acts); compare Smith, 222 Va. at 652, 283 S.E.2d at 211 (affirming embezzlement conviction based, in part, on evidence that defendant's "conduct was designed to conceal his criminal purpose").

Second, the Commonwealth's evidence fails to prove Dove acted with fraudulent intent by depositing the gasoline sales proceeds into his personal account into which all business proceeds were deposited and all business and personal expenses were paid. The proceeds were not required by the agreement to be segregated or maintained in a separate account for Jenkins.

Third, while the intent to defraud arguably may be inferred from the delayed and failed effort to make full and timely remittance, Stegall, 208 Va. at 722, 160 S.E.2d at 567; see also Bell, 11 Va. App. at 533, 399 S.E.2d at 452, the trial judge found as a matter of fact that Dove was unable to pay Jenkins the proceeds from the gasoline sales because several customers had failed to pay Dove for their purchases; Dove's bookkeeping practices were characterized as poor. The trial judge stated:

> I agree you made a series of bad decisions . . . . I think that you were a poor bookkeeper . . . . It doesn't make any difference whether you sell on credit, whether you take checks in, insofar as Mr. Jenkins is concerned. That's your part of the business. If you want to take checks for that gas, you're responsible for collecting them. That's not Mr. Jenkins's problem. If you want to extend credit to people that don't pay you for his gas when you pump it, that's your problem. You've got to pay him . . . for every gallon of gas that is pumped out of his tanks.

Summarily stated, the trial judge found Dove engaged in poor business practices, which left him short of funds to pay Jenkins. However, poor business judgment and practices fall far short of the requisite finding that Dove acted with fraudulent intent. The principle is well established that a person may not be imprisoned, absent fraud, for mere failure to pay a debt arising from a contract. See Overstreet v. Commonwealth, 193 Va. 104, 111, 67 S.E.2d 875, 879 (1951). In short, on these facts, because the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence that Dove acted without fraudulent intent, we hold, as a matter of law, that no rational trier of fact could find him guilty beyond a reasonable doubt. See Hudson v. Commonwealth, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

## Conclusion

We find that the Commonwealth's evidence proved only that Dove owed Jenkins the proceeds he collected from the gasoline sales, not that he embezzled the funds. The Commonwealth failed to prove that Dove acted with fraudulent intent when he used proceeds from the gasoline sales for personal expenditures. Thus, the Commonwealth's evidence did not exclude a theory of innocence that can reasonably be hypothesized from the evidence presented. See Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000). The evidence shows that neither Dove's acts, nor his motives, were consistent with guilt. Cf. Johnson v. Commonwealth, 152 Va. 973, 979, 146 S.E. 260, 262 (1929) (stating that "when the time, place, means, opportunity, motive and conduct of the accused all concur in pointing out his guilt," the defendant should be found guilty); Mullis v. Commonwealth, 3 Va. App. 564, 576, 351 S.E.2d 919, 927 (1987) (affirming conviction of defendant where circumstances of time, place, means, motive, and conduct "concurred to support the jury's finding of guilt"). We reverse Dove's conviction for embezzlement and dismiss the indictment.

Reversed and dismissed.