COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


FRANCIS HABO GEORGE

v.        Record No. 0332-06-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JOHANNA L. FITZPATRICK
JANUARY 15, 2008


FROM THE CIRCUIT COURT OF PAGE COUNTY
James V. Lane, Judge

Richard E. Jordan (Hamilton and Hamilton, LLP, on briefs), for
appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted Francis Habo George (appellant) on four counts of embezzlement in

violation of Code § 18.2-111.[1]  On appeal appellant contends:  1) the trial court erred by failing to

dismiss the embezzlement charges because the Virginia tax code[2] established a specific offense

encompassing his failure to file withholding tax returns or remit state withholding taxes that barred

his prosecution for embezzlement; 2) the evidence was insufficient to sustain the convictions

because the Commonwealth did not prove appellant was entrusted with the property of another; and

3) a fatal variance existed between the indictments and the offenses submitted to the jury.  Finding

no error, we affirm appellant's convictions.


---

[1] Appellant was also convicted of nine counts of failing to file state withholding taxes in
violation of Code § 58.1-1814.  These convictions are not at issue in this appeal.

[2] The Virginia statutes governing taxation are found in Title 58.1 of the Code of Virginia.

FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

From 1996 to 2004, appellant, a physician, owned and operated a medical practice in Luray, Virginia.[3]  During the period from 2001 to 2004, appellant employed a number of individuals at the medical practice, including office staff, nursing assistants, nurse practitioners, and a pediatrician.  Appellant withheld funds from his employees' salaries representing state income taxes owed to the Commonwealth.  Appellant maintained the withheld funds in the same bank account he used to pay both his personal expenses and those of the medical practice.  Despite withholding the funds from his employees' paychecks, appellant failed to file quarterly withholding tax returns required by Virginia state law, nor did he remit the withheld funds to the Commonwealth.  At times during 2001-2004, the amount of cash reflected as the available balance in appellant's bank account fell below the total amount of funds withheld from his employees to pay the state income taxes owed to the Commonwealth.

I.

Appellant was convicted of violating Code § 18.2-111 by embezzling money belonging to the Commonwealth.  Appellant contends that because other, more specific Virginia statutes prohibit failing to remit state income withholding taxes, the Commonwealth was not permitted to prosecute him under the more general embezzlement statute, Code § 18.2-111.  He contends that any prosecution for his actions was limited to proceedings pursuant to Code §§ 58.1-485 and

---

[3] Appellant operated the practice under the corporate entity CompCare, Inc., and later as Luray Physicians Associates.

58.1-1815 because the General Assembly intended, by the enactment of the specific statutes, to bar prosecution and punishment under the embezzlement statute.[4] We disagree.

We addressed a similar argument in Brown v. Commonwealth, 30 Va. App. 243, 516 S.E.2d 678 (1999). In Brown, the defendant was convicted of grand larceny by false pretenses in violation of Code § 18.2-95. The evidence proved that the defendant, an accountant, submitted fraudulent W-2 forms with his state income tax return, resulting in a tax refund to him. See Brown, 30 Va. App. at 245-49, 516 S.E.2d at 679-81. We rejected the defendant's contention that the Commonwealth could not prosecute him for his conduct other than pursuant to Code § 58.1-348, which specifically pertained to the making of a false statement in an income tax return. Id. at 250, 516 S.E.2d at 682. We reasoned:

> "[I]t is well established that the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney." Kauffmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989). "[I]t is a matter of prosecutorial election whether the Commonwealth proceeds under the misdemeanor statute or the felony statute against an accused . . . ." Mason v. Commonwealth, 217 Va. 321, 323, 228 S.E.2d 683, 684 (1976). "Where the circumstances surrounding an offense permit prosecution under either of two statutes, the selection of the statute under which to proceed is a matter of

---

[4] Code § 58.1-485 provides:

> Willful failure by any employer to (i) make any return required by this article to the Tax Commissioner, (ii) withhold the required tax or to pay it to the Tax Commissioner as specified, or both, or (iii) furnish an employee the written statement required by § 58.1-478 shall be a Class 1 misdemeanor.

Pursuant to Code § 58.1-1815,

> [a]ny corporate or partnership officer as defined in § 58.1-1813, or any other person required to collect, account for and pay over any sales, use or withholding tax, who willfully fails to collect or truthfully account for and pay over such tax, and any such officer or person who willfully evades or attempts to evade any such tax or the payment thereof, shall, in addition to any other penalties provided by law, be guilty of a Class 1 misdemeanor.

prosecutorial election." Smith v. Commonwealth, 17 Va. App. 37, 41, 434 S.E.2d 914, 916 (1993).

Id.

Even if appellant's conduct violated Code § 58.1-485 or Code § 58.1-1815 as well as Code § 18.2-111, that circumstance did not affect the Commonwealth's authority to initiate the prosecution for embezzlement. "'A prosecutor has the discretion to decide under which of several applicable statutes the charges shall be instituted.'" In re: Robert F. Horan, 271 Va. 258, 264, 634 S.E.2d 675, 679 (2006) (quoting Hensley v. City of Norfolk, 216 Va. 369, 373, 218 S.E.2d 735, 739 (1975)).

> [T]he fact that separate statutes may overlap in their proscription of specific conduct does not detract from their independent enforcement except when double jeopardy concerns are implicated. "[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." United States v. Batchelder, 442 U.S. 114, 123-24 (1979); see also Muhammad v. Commonwealth, 269 Va. 451, 501-02, 619 S.E.2d 16, 45 (2005). "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." Batchelder, 442 U.S. at 124.

McDonald v. Commonwealth, 274 Va. 249, 259, 645 S.E.2d 918, 923 (2007); see also Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (stating that "[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion").

The decision to initiate proceedings against appellant under Code § 18.2-111 rather than Code § 58.1-485 or Code § 58.1-1815 was a matter of prosecutorial discretion. No claims of double jeopardy or discriminatory prosecution are before us. Where "the Commonwealth [chooses] to press the more serious charge . . . we cannot gainsay its right to make that election." Mason v. Commonwealth, 217 Va. 321, 324, 228 S.E.2d 683, 684-85 (1976).

Appellant also contends that when the General Assembly did not specifically enumerate in Code § 58.1-485 and § 58.1-1815 that the failure to report or remit withholding taxes would also constitute embezzlement under Code § 18.2-111, this evinced a legislative intent that such conduct could not be punished as embezzlement. See Code § 58.1-3833 (the "wrongful and fraudulent use" of food, beverage, and meals taxes collected on behalf of a municipality "shall constitute embezzlement pursuant to Code § 18.2-111") and Code § 18.2-111.2 (an employer's wrongful and fraudulent failure to remit sums withheld from an employee's pay for court-ordered child support constitutes embezzlement). The General Assembly, however, is fully capable of drafting statutes containing language that limits the Commonwealth's options for prosecution. See Brown, 30 Va. App. at 250, 516 S.E.2d at 681-82 (recognizing the General Assembly could have, but did not, provide that the Commonwealth's exclusive remedy against the defendant was a prosecution under the tax code).

In construing statutes enacted by the General Assembly, we are not permitted to read into the statute limiting language that does not exist. See Makarov v. Commonwealth, 217 Va. 381, 385, 228 S.E.2d 573, 575-76 (1976) (court may not read into criminal statute, in order to uphold its validity, requirement of criminal intent the General Assembly did not include). In neither Code § 58.1-485 nor Code § 58.1-1815 did the legislature expressly prohibit prosecution for embezzlement. In fact, Code § 58.1-1815 recognized that the criminal penalty provided therein was not exclusive and that the Class 1 misdemeanor penalty provided was "in addition to any other penalties provided by law." Accordingly, we hold that the General Assembly did not intend prosecution under Code § 58.1-485 or Code § 58.1-1815 to be the Commonwealth's exclusive option for punishing conduct such as appellant's.

II.

Appellant next argues that the Commonwealth's evidence was insufficient to prove him

guilty of violating Code § 18.2-111, which provides:

> If any person wrongfully and fraudulently use, dispose of, conceal
> or embezzle any money, bill, note, check, order, draft, bond,
> receipt, bill of lading or any other personal property, tangible or
> intangible, which he shall have received for another or for his
> employer, principal or bailor, or by virtue of his office, trust, or
> employment, or which shall have been entrusted or delivered to
> him by another or by any court, corporation or company, he shall
> be guilty of embezzlement.

To sustain a conviction of embezzlement,

> the Commonwealth must prove that the accused wrongfully
> appropriated to his or her own benefit property entrusted or
> delivered to the accused with the intent to deprive the owner
> thereof. See Zoretic v. Commonwealth, 13 Va. App. 241, 243, 409
> S.E.2d 832, 833-34 (1991). Although the Commonwealth need not
> establish the existence of a formal fiduciary relationship, it must
> prove that the defendant was entrusted with the property of
> another.

Rooney v. Commonwealth, 27 Va. App. 634, 644, 500 S.E.2d 830, 834 (1998).

Appellant contends the evidence was insufficient to prove embezzlement because the

funds he withheld from his employees' paychecks were not owned or entrusted to him by the

Commonwealth. The money in appellant's bank account contained fees paid to him and his

business for medical services rendered, as well as the withheld funds. Appellant argues that

because the withheld funds amounted to nothing more than a debt he owed the Commonwealth,

he did not commit embezzlement.

We have recognized that "[a] debtor-creditor relationship is an insufficient basis upon

which to premise an embezzlement charge and conviction." Dove v. Commonwealth, 41

Va. App. 571, 579, 586 S.E.2d 890, 894 (2003). Where one uses money owed to another by

virtue of a business relationship, that fact, standing alone, is insufficient to prove embezzlement. See id. at 577, 586 S.E.2d at 893.

However, while appellant at all relevant times remained responsible for paying the Commonwealth the funds he had withheld from his employees' paychecks, see Code §§ 58.1-484 and 58.1-1813(A), the Commonwealth was not merely his creditor. By operation of statute, the funds appellant retained for withholding taxes were maintained in his possession in trust for the Commonwealth. Code § 58.1-474 provides:

> Every employer who fails to withhold or pay to the Tax Commissioner any sums required by this article to be withheld and paid shall be personally and individually liable therefor. *Any sum or sums withheld in accordance with the provisions of this article shall be deemed to be held in trust for the Commonwealth.*

(Emphasis added.)

Just as in Code § 58.1-474 regarding withholding taxes, the General Assembly has imposed a trust for the Commonwealth's benefit upon other categories of taxes collected by a third party on behalf of a governmental entity. See, e.g., Code § 58.1-625 (sales and use tax); Code § 58.1-659 (communications sales and use tax); Code § 58.1-2901 (electric utility consumption tax); Code § 58.1-3814 (local taxes for utility services); Code § 58.1-3819 (transient occupancy taxes); and Code § 58.1-3833 (county food and beverage tax). The failure to remit such taxes to the governmental entity can constitute embezzlement.[5] See 1973-74 Va. Att'y Gen. Rep. 115 (Those who collected a city's admission, lodging, and meals taxes but failed to remit the taxes to the city could be prosecuted for embezzlement because, pursuant to ordinance, the taxes were held in trust.).

---

[5] Indeed, Code § 58.1-3833(C) specifically provides that "the wrongful and fraudulent use" of sums collected as food, beverage, and meals taxes "other than remittance of the same as provided by law shall constitute embezzlement pursuant to § 18.2-111."

Despite the obligations of the fiduciary relationship created by Code § 58.1-474, appellant neither remitted the withheld funds to the Commonwealth nor maintained them for its benefit. In fact, appellant continued to use the money as though it were his own. "A person entrusted with possession of another's personalty who converts such property to his own use or benefit is guilty of the statutory offense of embezzlement." Smith v. Commonwealth, 222 Va. 646, 649, 283 S.E.2d 209, 210 (1981).

The evidence established that appellant used for his own benefit funds he held in trust for the Commonwealth and thus, he was guilty of embezzlement. Accordingly, the trial court did not err in denying appellant's motion to set aside the convictions.

III.

Lastly, appellant contends that the jury instructions defining the embezzlement charges did not conform to the crimes charged in the indictments. As a result, appellant argues, he was denied his constitutional right to due process and notice of the charges against him. Appellant did not raise these specific arguments in the trial court.

Over appellant's objection, the trial court granted Jury Instruction 3, which stated that to find appellant guilty of embezzlement the Commonwealth must prove he "wrongfully and fraudulently used, disposed of or converted to the use of himself or his business the wages of his employees withheld by him[.]"[6] The basis of appellant's objection to Instruction 3 was that he had been charged in the indictments with embezzling money belonging to the Commonwealth, not his employees. In a motion to set aside the jury's verdict, appellant alleged that Instruction 3 erroneously "authorize[d] a conviction for embezzlement of property belonging to [appellant's]

---

[6] The trial court further instructed the jury that "[a]ll sums withheld by every employer from an employee's wages for the purpose of paying state income taxes are deemed by law to be held in trust for the Commonwealth."

employees." Appellant further contended, "The instruction states a case different from the indictment."

Thus, appellant's arguments at trial were that Instruction 3 improperly defined the offense of embezzlement. In the trial court, appellant never asserted that there was a fatal variance between the indictment and the evidence adduced at trial. Nor did appellant contend he was not provided with sufficient notice of the charged offenses.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

CONCLUSION

For the foregoing reasons, we affirm appellant's convictions.

Affirmed.