COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Haley
Argued at Salem, Virginia


JAMES BURDINE SCALF, JR.

MEMORANDUM OPINION* BY
v.        Record No. 0007-07-3                    JUDGE JAMES W. HALEY, JR.
                                                              MAY 13, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LEE COUNTY
Birg E. Sergent, Judge

John H. Qualls for appellant.

Alice T. Armstrong, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


James Burdine Scalf ("appellant") appeals his sentences for robbery in violation of Code

§ 18.2-58, breaking and entering with the intent to commit larceny in violation of Code

§ 18.2-91, and grand larceny in violation of Code § 18.2-95.  Appellant's brief presents a single

question for resolution:  whether the circuit court erred in not ordering that appellant's sentences

run concurrently with his sentences for related federal crimes that were part of the same general

criminal incident for which he was sentenced by the circuit court in this case.  Appellant

contends that the trial judge erroneously concluded that he did not have the discretion to run the

sentence in this case concurrently with the federal sentence.

At oral argument, appellant conceded that he did not preserve this question for appeal.

He asks us to apply the ends of justice exception to Rule 5A:18.  Finding that the record on

appeal shows that the trial judge correctly understood his sentencing discretion, we hold that this

is not a suitable case for the application of the ends of justice exception to the general rule that an

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

objection will not be considered as a basis for reversal unless that objection was also made contemporaneously with the trial court's ruling. We therefore affirm appellant's sentences.

FACTS

It is undisputed that appellant broke into a building owned by JAD Coal Company, his father's employer, on the morning of December 9, 2005. Once inside, he stole a shotgun and some tools. Armed with the shotgun, appellant demanded money from Bobby Green, who gave him forty dollars. He later entered guilty pleas in the Lee County Circuit Court to the charges of robbery, breaking and entering, and grand larceny. He was also convicted in federal court of stealing a firearm in interstate commerce, possession of a stolen firearm, and being a felon in possession of a firearm. Appellant received a sentence of eighty-four months, or seven years, imprisonment on the federal charges.

On December 4, 2006, appellant and his lawyer appeared in the Lee County Circuit Court for sentencing. Defense counsel told the sentencing judge the length of appellant's federal sentence and argued that some of his Virginia sentence should run concurrently with the federal sentence because both sets of charges were part of the same criminal incident. The probation office submitted discretionary sentencing guidelines. The guidelines recommended an active prison sentence of between nine years six months and fourteen years eleven months. The circuit court sentenced appellant to ten years imprisonment on each of the three charges, all to run concurrently with one another. The court suspended six months of each sentence and placed appellant on six months of supervised probation following his release. The trial judge made the following comments:

> The federal people can do the probation part so I'm going to
> sentence you to ten (10) years in the Virginia State Penitentiary,
> and I'm going to suspend six (6) months of that. I'm going to
> sentence you to the low end of the guidelines because the seven

years puts you above the maximum for the state guidelines. So that will leave you with about sixteen years and that will put you about fourteen, fifteen that you'll have to pull.

When appellant's attorney asked the sentencing judge whether the time would run concurrently with his federal sentence, the judge said, "No, I don't think I would run it concurrently. Actually, it's kind of hard to do. I would not run anything concurrently, I mean if I go under the guidelines then I'm not following the guidelines that I intend to do. I'm not sure you really can run it concurrently." While declining to run the prison sentence concurrently with appellant's federal sentence, the circuit court ordered that appellant's six months of supervised probation would run concurrently with his federal probation.

Appellant filed a motion to reconsider his sentence, which the circuit court denied. After listening to defense counsel's motion, the sentencing judge explained that his refusal to change the guideline sentence he had imposed was motivated by his desire to treat all defendants fairly:

> Well, I never change a guideline sentence, I never have I don't think. The sentence was set at the minimum under the guidelines. The guidelines are followed by this Court because everybody that comes in here is treated exactly the same within a very few months, depending on the times that we do things and the time that the events happen. This young man was treated just like the richest person and the poorest family in Lee County would have been treated and I don't see any need to change it.

## ANALYSIS

> Under Rule 5A:18 we do not notice the trial errors for which no timely objection was made except in extraordinary situations when necessary to enable us to attain the ends of justice. The laudatory purpose behind Rule 5A:18, and its equivalent Supreme Court Rule 5:25, frequently referred to as the contemporaneous objection rules, is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice.

- 3 -

Johnson v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989). "Whether we apply the bar of Rule 5A:18 or invoke the ends of justice exception, we must evaluate the nature and effect of the error to determine whether a clear miscarriage of justice occurred." Id.

Code § 19.2-308.1 allows courts to run the sentence of a person convicted of a criminal offense concurrently with another sentence imposed by a United States court or the court of any other state or territory. However, the language of the statute does not demand that the court do so. "[T]he court *may* order the sentence to run concurrently with the sentence imposed by such other court." Code § 19.2-308.1 (emphasis added). Whether to run appellant's sentence concurrently with his federal sentence in this case was a decision the statute entrusts to the discretion of the sentencing judge. Appellant concedes as much, but argues that his sentence must be reversed because the sentencing judge erroneously concluded that he did not have the authority to order a concurrent sentence. See Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (A trial court "by definition abuses its discretion when it makes an error of law."). According to appellant, it is clear that the sentencing judge mistakenly believed he could not order a concurrent sentence from the comment: "I'm not sure you really can run it concurrently."

However, our precedents counsel against reversing a conviction because of a solitary, ambiguous statement unless a clear error is apparent from the full context of the record.

> Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts. Furthermore, we will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.

Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  Our review of the record convinces us that to reverse appellant's convictions would be to "fix upon isolated statements of the trial judge taken out of the full context in which they were made . . . ."

The full record suggests that the trial judge correctly understood the extent of his sentencing discretion and that appellant's argument is therefore without merit.  First, the trial court ordered that the period of supervised probation following appellant's release would run concurrently with appellant's federal supervised probation.  These concurrent probation periods are not the natural or likely consequences of a mistaken belief that the court lacked the power to order any part of appellant's Virginia sentence to run concurrently with his federal sentence.  Moreover, the sentencing judge explained his reasons for refusing to order a concurrent sentence in the hearing on appellant's motion to reconsider.  At this hearing, the sentencing judge stated that he was not ordering a concurrent sentence because of his policy of always imposing an active sentence within the guidelines and that he relied on the guidelines to ensure that he was treating all defendants fairly.  There would have been no need to explain this aspect of his discretionary sentencing philosophy if the trial judge believed he had no power to consider and decide whether or not to order concurrent sentences.  If the trial judge really made the error that appellant claims he made, it is difficult to understand why he did not deny appellant's motion to reconsider by stating expressly that he had no authority to grant it.

Finally, the trial judge explained for the record his consideration of appellant's related federal sentence and the role the federal sentence played in his sentencing decision.  Indeed, the judge made clear that the seven years of federal imprisonment was the reason he imposed a sentence at the low end of the applicable sentencing guidelines.  "I'm going to sentence you to the low end of the guidelines because the seven years puts you above the maximum for the state

guidelines. So that will leave you with about sixteen years and that will put you about fourteen, fifteen that you'll have to pull."

Appellant's sentences were below the statutory maximum that the circuit court had the lawful power to impose. Code §§ 18.2-10; 18.2-58; 18.2-91; 18.2-95. Because the full record indicates that the sentencing judge correctly understood his discretion and sentenced appellant within the lawful scope of that discretion, we believe there was no miscarriage of justice in this case. We, therefore, decline to apply the ends of justice exception to Rule 5A:18. Appellant's convictions and sentences are affirmed.

<u>Affirmed.</u>

Humphreys, J., concurring.

Although I agree with the majority that Rule 5A:18 bars our consideration of this appeal, I cannot join the majority opinion because I would follow our own jurisprudence and not consider the ends-of-justice exception in this case. "In order to avail oneself of the [ends-of-justice] exception, a defendant must *affirmatively show* that a miscarriage of justice has occurred . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added). Far from affirmatively showing that a miscarriage of justice has occurred, Scalf's brief *does not even assert that the ends-of-justice exception should apply*. We have repeatedly held that we "will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18." Widdifield v. Commonwealth, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*); see also George v. Commonwealth, 51 Va. App. 137, 655 S.E.2d 43 (2008); Roadcap v. Commonwealth, 50 Va. App. 732, 742 n.3, 653 S.E.2d 620, 625 n.3 (2007). The majority's decision to entertain the possibility that the ends-of-justice exception may apply is unnecessary, and, frankly, improper. Moreover, in addition to ignoring decades of Rule 5A:18 jurisprudence, the majority addresses the merits of Scalf's claim and issues what is essentially an advisory opinion – something we may not do and in which I do not join. See Yap v. Commonwealth, 49 Va. App. 622, 630, 643 S.E.2d 523, 526 (2007). Thus, I concur only in the judgment affirming the ruling of the trial court.