Present:  Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Lacy, S.J.

FRANCIS HABO GEORGE

v.  Record No. 080339                OPINION BY SENIOR JUSTICE
                                     ELIZABETH B. LACY
COMMONWEALTH OF VIRGINIA              October 31, 2008

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, Francis Habo George asks us to reverse
his four felony convictions for embezzlement in violation of
Code § 18.2-111.  He asserts that the Court of Appeals erred
in holding that the evidence was sufficient to support those
convictions and in refusing to address his argument that there
was a fatal variance between the indictments, evidence and
jury instructions because he failed to raise that issue in the
trial court.  For the reasons stated below, we will affirm
George's felony embezzlement convictions because the evidence
was sufficient to support those convictions and, although the
Court of Appeals erred in holding that George did not raise
the fatal variance issue in the trial court, no such fatal
variance existed.

FACTS

Code § 58.1-461 requires employers to withhold funds from
their employees' wages.  These funds reflect the employees'
expected state income tax liability.  The funds are to be
reported and paid to the Commissioner of the Virginia

Department of Taxation.  Code § 58.1-472.  Code § 58.1-474 provides that "sums withheld in accordance with the provisions of this article shall be deemed to be held in trust for the Commonwealth."

George, a physician, owned and operated a general medical practice in Page County from 1996 to 2004.  In 2000, a tax representative with the Virginia Employment Commission informed George that he could not treat his nurses and assistants as independent contractors but had to treat them as employees and withhold employee income taxes.  From 2000 to 2004, George withheld income taxes from his employees' wages but did not remit those funds to the Virginia Department of Taxation.  George used a single bank account to operate his medical practice and pay personal and business expenses.  The funds withheld from employee wages were not segregated in a separate account.  Bank statements showed that at times between 2001 and 2004, George's bank account balance registered below the amount of funds withheld from the employees' wages.

George was indicted for four counts of "unlawfully and feloniously embezzl[ing] money belonging to the Commonwealth" in violation of Code § 18.2-111.[1]  At his jury trial, following

---

[1] Code § 18.2-111 states in relevant part:

2

the conclusion of the evidence, the Commonwealth proposed the following jury instructions:

Instruction No. 3

The defendant is charged with four counts of the crime of embezzlement.  In regard to each of those four offenses, the Commonwealth must prove beyond a reasonable doubt each of the following elements:
    (1)  That the defendant wrongfully and fraudulently used, disposed of or converted to the use of himself or his business the wages of his employees withheld by him; and
    (2)  That the wages had been received by the defendant, in trust, by virtue of his position as their employer; and
    (3)  During each of the four periods specified in each of the four indictments, the amount of the wages withheld from the employee's pay was more than $200.

Instruction No. 4

All sums withheld by every employer from an employee's wages for the purpose of paying state income taxes are deemed by law to be held in trust for the Commonwealth.

George objected to Instruction 3 arguing that he was indicted for embezzling funds belonging to the Commonwealth but the instruction referred to funds belonging to his employees. George further argued that Instruction 3 was "an incorrect statement of the law of embezzlement."  The trial court

---

If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money . . . which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement.

3

overruled George's objection.  The jury convicted George on all counts.  The trial court entered judgment on the jury's verdict, sentenced George to serve consecutive six-month jail terms and pay a $2500 fine for each count, and denied George's motion to set aside the verdict.[2]

The Court of Appeals affirmed George's felony convictions, George v. Commonwealth, 51 Va. App. 137, 146-47, 655 S.E.2d 43, 48 (2008), and George filed a timely petition for appeal with this Court, assigning three errors to the judgment of the Court of Appeals.

DISCUSSION

I.

In his first assignment of error, George asserts that the evidence was insufficient to support his embezzlement convictions.  George first argues that the embezzlement statute, Code § 18.2-111, requires proof that the defendant lawfully acquired possession of another's property and then wrongfully converted it to his own use.  See Evans v. Commonwealth, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983).  The evidence in this case, George contends, showed that the funds at issue were not funds of another but were his own

_____

[2] George was also charged with and convicted of nine misdemeanor counts of failure to file tax returns, violations of Code § 58.1-1814, but these convictions are not at issue in this appeal.

4

funds. According to George, the funds he deposited in his bank account were funds owed to him by his patients for services rendered, "although a portion of that money would, at some point, be owed to the Commonwealth for withheld income taxes." Citing Dove v. Commonwealth, 41 Va. App. 571, 586 S.E.2d 890 (2003), George asserts that he had a debtor-creditor relationship with the Commonwealth and that type of relationship cannot support a charge of embezzlement.

The Commonwealth replies that George's argument ignores Code § 58.1-474, which imposes a trust for the benefit of the Commonwealth on funds withheld from employees' wages for payment of their state income tax liability. According to the Commonwealth, the trust relationship created by Code § 58.1-474 between the employer and the Commonwealth negates the existence of any debtor/creditor relationship. In support of its position, the Commonwealth cites Begier v. IRS, 496 U.S. 53 (1990).[3] In that case the United States Supreme Court considered the federal statute addressing withholding funds from employees' wages for purposes of federal income tax liability pursuant to 26 U.S.C. § 7501.[4] The Supreme Court

_____

[3] The federal cases cited by George are not persuasive because they were decided before Begier.

[4] 26 U.S.C. § 7501(a)(2006) provides that when a person is required to withhold "any internal revenue tax" from another and to pay such tax to the United States, the amount of the

first held that the collection of the tax funds occurred at the time the employer paid the employee his net wages, even if the employer neither placed the taxes it collected in a segregated fund nor paid them to the government. Begier, 496 U.S. at 60. The Court also observed that under these circumstances the employer "does not own an equitable interest in property he holds in trust for another," id. at 59, and that the statutory trust, although "radically different from the common-law paradigm, . . . creates a trust in an abstract 'amount' – a dollar figure not tied to any particular assets – rather than in the actual dollars withheld." Id. at 62.

The Virginia statute, Code § 58.1-474, is virtually identical to the federal statute and, like the federal statute, creates a statutory trust imposed on the funds withheld from employees' wages for state income tax liability. When such funds are withheld they are no longer the property of the employer or the employee. Consequently the relationship between the employer and the Commonwealth with regard to the funds withheld from the employees' wages is not a debtor/creditor relationship as George contends.

George argues further, however, that even if Code § 58.1-474 imposes a type of trust on the withheld wages, its

tax withheld "shall be held to be a special fund in trust for the United States."

6

application should be limited to civil matters and should not apply in a criminal prosecution. George contends that if the General Assembly had intended to subject an employer to prosecution for embezzlement if he failed to withhold or remit employees' wages, it would have specifically stated that such actions constituted embezzlement as it did with regard to collection of food and beverage taxes, Code § 58.1-3833(C), and would not have imposed a misdemeanor penalty for failure to withhold or remit wages withheld from employees in Code § 58.1-485.

We reject George's contentions. The fact that the General Assembly does not denote a specific course of conduct as a particular crime does not preclude prosecution for and conviction of that crime if the necessary elements of the crime are proven. Furthermore, the wrongful and fraudulent use of withheld funds by the employer, an element of an embezzlement prosecution, is far more culpable than the simple failure to withhold or remit such funds and accordingly, supports a different and more severe criminal sanction. More importantly, nothing in Code § 58.1-474 limits its application to civil matters or precludes its use in a criminal prosecution. George's proposed limitation on the application of Code § 58.1-474 requires that we add language not contained in the statute. It is a matter of well-settled law that

7

courts do not engage in rewriting statutes.  See Town of Leesburg v. Giordano, 276 Va. 318, 323, ___ S.E.2d ___, ___ (2008) (citing Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005)); Young v. Commonwealth, 273 Va. 528, 534, 643 S.E.2d 491, 494 (2007).

In summary, we hold that Code § 58.1-474 imposes a statutorily created trust on funds withheld from employees' wages for state income tax liability purposes.  Such funds are held in trust for the benefit of the Commonwealth and are not the property of the employer.  Because the funds at issue were not George's property but the property of another, the evidence was sufficient to sustain the embezzlement convictions.[5]

## II.

George's second and third assignments of error relate to his contention that his convictions should be vacated because there was a fatal variance between the indictments and the evidence and jury instructions.  The Court of Appeals did not address this issue because it held that the issue was not raised before the trial court and therefore would not be entertained for the first time on appeal.  George, 51 Va. App. at 148, 655 S.E.2d at 48-49.  George challenges this holding,

---

[5] George did not challenge the sufficiency of the evidence with regard to the other elements of the crime, such as wrongful and fraudulent conversion.

arguing that the issue was sufficiently raised in the trial court and reasserts his contention regarding the fatal variance.

The record shows that George argued to the trial court that jury Instruction 3, the finding instruction, defined the crime as embezzling funds belonging to the employees, while the indictments defined the crime as embezzling funds belonging to the Commonwealth. Although George did not use the phrase "fatal variance," his arguments before the trial court were sufficient to put that court on notice of his position regarding the inconsistency between the indictments and the jury instruction. Therefore, we hold that the Court of Appeals erred in concluding that the issue was not presented to the trial court. Nevertheless, the record also demonstrates that there was no such fatal variance.

Subparagraph (1) of Instruction 3 stated that the funds George embezzled were the wages "of his employees withheld by him." This phrase, George contends, places the ownership of the funds at issue in the employees, not in the Commonwealth as set out in the indictments. George misapplies this phrase. This phrase does not denote or establish ownership of the funds at the time they were withheld; rather the phrase is a prepositional phrase identifying the funds which were at issue. Instruction 4, reciting the applicable provision of

Code § 58.1-474, told the jury that, as a matter of law, the funds did not belong to the employees but were held in trust for the Commonwealth. Therefore, the ownership of the funds was not a matter for jury determination in this case and there was no fatal variance between the indictments and the evidence and jury instructions.

CONCLUSION

We hold that funds withheld by an employer from employees' wages for purposes of state income tax liability are not funds belonging to the employer. From the time such funds are withheld they are held in trust for the Commonwealth pursuant to Code § 58.1-474. The wrongful and fraudulent use of such funds can be the basis of an embezzlement prosecution and the evidence in this case is sufficient to sustain George's convictions for embezzlement. Finally, there was no fatal variance between the crimes charged in the indictments and the evidence and jury instructions. Accordingly, for the reasons stated, we will affirm the judgment of the Court of Appeals.

Affirmed.

10