COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Petty and Powell
Argued at Salem, Virginia


HARRY M. YOUNG, S/K/A
  HARRY MOUTIER YOUNG

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0014-08-3                      JUDGE JAMES W. HALEY, JR.
                                                         FEBRUARY 3, 2009

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
                            Charles B. Flannagan, II, Judge

                Michael A. Bishop (Michael A. Bishop, P.C., on brief), for
                appellant.

                Rosemary V. Bourne, Assistant Attorney General (Robert F.
                McDonnell, Attorney General, on brief), for appellee.


                                    I.  INTRODUCTION

        Harry Moutier Young ("Young") argues the trial court erred in refusing to permit him to

inquire, upon cross-examination, about certain details of pending charges against a

Commonwealth witness.  On brief, Young concedes he "did not make a record of such question

during the trial."  Thus, Young failed to preserve his argument for our review as required by

Rule 5A:18.[1]  Accordingly we affirm.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] This point was likewise conceded during oral argument.

## II.  BACKGROUND

A grand jury indicted Young on three counts of distribution of cocaine.  The evidence against Young came from a female police informant ("P.N.") and the police officers working with her.

Prior to trial, Young filed a motion asking the court "to determine . . . whether the informant's relationship with the drug task force may be questioned for bias."  Young asserted "that the informant is currently under investigation for crimes involving narcotics" and that those alleged acts, "although criminal in nature and currently pending . . . [cause] legal bias."  The circuit court addressed the motion at the beginning of the trial.  The court held "the defendant is entitled to show" bias and that it would "take that up as the issue arises."

During her testimony, P.N. stated she worked with the police because she "was tired of the crack being out on the streets" and because she received money for her help.  On cross-examination, defense counsel asked P.N. about pending charges against her.  The following exchange occurred:

> Q.  What was the offense?
>
> A.  Breaking and entering.
>
> Q.  What were you alleged to have stolen?
>
> A.  DVDs.
>
> [Prosecutor]:  Your Honor, I'm going to object.  I think he can ask her what she was charged with going towards bias, not impeachment, but to go into the actual allegations of the offense, first off, they're hearsay; secondly, they're still pending charges.  I think that would be going too far otherwise.
>
> [Defense counsel]:  Your Honor, the Commonwealth has opened the door by her feelings towards narcotics.
>
> [Prosecutor]:  Your Honor, she's charged with breaking and entering and petit larceny.  We think, therefore, asking her the nature of the offense as well as the offense dates may be relevant

and, therefore, the defendant — defense counsel can ask, but to ask for what the allegations are of the charges, first, they are hearsay, and they have nothing to do with her bias.

[Judge]: All right. Maybe you'd better restate your question. You are permitted to inquire as to the nature of the offenses, but we don't need to get into the details of the offense.

After this colloquy, defense counsel began a new line of questioning and did not raise the issue of allegations against P.N. concerning theft again. A jury convicted Young on all charges.

Young filed a motion to set aside the verdict based on the circuit court sustaining the Commonwealth's objection, quoted above, as to the scope of cross-examination. The motion stated Young's pretrial motion asked the court "to rule on his ability to cross-examine the confidential informant about the details of her pending charges involving the theft of controlled substances for possible legal bias." It further asserted the informant's professed desire to help police eradicate narcotics permitted defense counsel to inquire concerning "the subject of her motives for aiding the narcotics law enforcement agents."

That motion was considered at a sentencing hearing on November 5, 2007. Counsel maintained P.N. "exhibited to the Court and to the jury her disgust with narcotics, while she had current pending charges involving the theft of narcotics." Summarizing, counsel stated that if the jury "knew that she was stealing narcotics and her statement of disgust for drugs wasn't entirely truthful, that her believability may have been altered, and that if her believability were altered, that the case itself may have been altered." Significantly, even at this stage of the proceeding, Young never demonstrated that P. N. had been charged with stealing narcotics rather than DVDs, as she had testified at trial. The court denied the motion, holding Young received an adequate opportunity to cross-examine the informant.

- 3 -

III.  ANALYSIS

Rule 5A:18 provides in part:  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  "'The Court of Appeals will not consider an argument on appeal which was not presented to the trial court.'"  George v. Commonwealth, 51 Va. App. 137, 148, 655 S.E.2d 43, 48 (2008) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).

The contemporaneous objection rule exists "'to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'"  Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)).  The requirement also "gives the opposing party the opportunity to meet the objection at that stage of the proceeding."  West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004).

To these ends, an objection "must be both specific and timely."  Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).  As we have previously summarized:

> It is the duty of a party, as a rule . . . to state the grounds of his objection, so that the trial judge may understand the precise question or questions he is called upon to decide.  The judge is not required to search for objections which counsel have not discovered, or which they are not willing to disclose.

Darnell v. Commonwealth, 12 Va. App. 948, 952-53, 408 S.E.2d 540, 542 (1991) (internal quotation marks and citation omitted).  Furthermore, "one specific argument on an issue does not

preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).

Applying these standards, we conclude Young failed to preserve his assignment of error, during trial, for our review. He concedes that point.

Nonetheless, Young maintains the trial court should somehow have perceived the basis of his objection. Young's pretrial motion never mentioned the informant was charged with or being investigated concerning theft of narcotics. Rather, it stated she "is currently under investigation for crimes involving narcotics." The nature of those crimes, if any, remained, and still remain, unspecified. Second, the dialogue in question, quoted above, failed to give the trial court notice that defense counsel wished to question the informant concerning alleged theft of narcotics. When defense counsel asked the informant what her pending charges alleged her to have stolen, she responded "DVDs." The prosecution then objected to revealing the details of the alleged offenses, and defense counsel argued to the court that "the Commonwealth has opened the door by her feelings towards narcotics." Defense counsel's statement did not alert the judge the informant was alleged to have stolen narcotics. Since Young failed to alert the trial court to his assignment of error at trial, we may not consider it on appeal.

Although Young presented the trial court with the argument he raises on appeal in his motion to set aside the verdict, this came too late to preserve the contention for appeal. As our Supreme Court has held: "No objection was made . . . until argument by [defense] counsel on the motion to set aside the verdict. Thus, the objection came too late for any error to be corrected by the trial court, and for the error, if any, to constitute reversible error." Ryan v. Commonwealth, 219 Va. 439, 447, 247 S.E.2d 698, 704 (1978); see also Carter v. Nelms, 204 Va. 338, 343, 131 S.E.2d 401, 404 (1963); Boblett v. Commonwealth, 10 Va. App. 640, 651, 396 S.E.2d 131, 137 (1990).

Even if Rule 5A:18 did not apply, Young's assignment of error would still fail because he did not proffer the substance of the excluded testimony.[2] If a trial court excludes testimony, the offended party must proffer the expected answer by an unchallenged statement of counsel, mutual stipulation, or testimony in the absence of the jury. Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977). Without a proffer, "we cannot competently determine error [or] much less reversible error." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006). This Court "will not consider testimony which the trial court has excluded before it was presented without a proper showing of what that testimony would have been." Lockhart v. Commonwealth, 34 Va. App. 329, 340, 542 S.E.2d 1, 6 (2001). "The failure to proffer the expected testimony is fatal to [a] claim on appeal." Molina v. Commonwealth, 47 Va. App. 338, 367-68, 624 S.E.2d 83, 97 (2006).

Here Young failed to present the trial court with a proper proffer to preserve his claim for appeal. As noted previously, Young's pretrial motion only stated "that the informant is currently under investigation for crimes involving narcotics." At trial, Young simply told the court the prosecution "has opened the door by her feelings towards narcotics." After the trial court sustained the prosecution's objection, Young did not seek to question the informant outside the presence of the jury or make a proffer. Young also did not try to introduce the desired evidence by other means of questioning. While Young indicated he believed P.N. to have pending charges concerning the theft of narcotics in his motion to set aside the verdict, this assertion, made after the jury was discharged, and with no evidence supporting the assertion in the record, came too

---

[2] This point was conceded at oral argument.

late for preservation upon appeal.  <u>Roadcap v. Commonwealth</u>, 50 Va. App. 732, 740 n.1, 653 S.E.2d 620, 624 n.1 (2007).[3]

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed</u>.

---

[3] The cited footnote in <u>Roadcap</u> stated:

> In his post-trial briefs and arguments, Roadcap's counsel stated that he needed to amplify his position with additional points he had not specifically raised at trial.  A litigant, however, cannot wait until *after* trial to present foundation evidence pertinent to a trial court's decision *during* trial to allow or exclude testimony. <u>See</u> <u>Jones v. Commonwealth</u>, 50 Va. App. 437, 445, 650 S.E.2d 859, 863 (2007) (agreeing that "post-trial motions regarding admission of evidence generally are not timely, especially after the jury has reached a verdict and been excused"); <u>see also</u> <u>Boblett v. Commonwealth</u>, 10 Va. App. 640, 650-51, 396 S.E.2d 131, 136-37 (1990).  Rule 5A:18 requires both the objection and the "grounds therefor" to be made "at the time of the ruling."